PROB 12C
(6/16)

Report Date: January 21, 2021

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 21, 2021

SEAN F. McAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Shawn P. Sather             Case Number: 0980 2:11CR00003-LRS-1

Address of Offender:

Name of Sentencing Judicial Officer:  The Honorable Lonny R. Suko, Senior U.S. District Judge

Date of Original Sentence: June 6, 2012

| | | |
|---|---|---|
| Original Offense: | Distribution of Child Pornography, 18 U.S.C. § 2252(a)(2); Possession of Child Pornography, 18 U.S.C. § 2252A(a)(5)(B) | |
| Original Sentence: | Prison - 120 months<br>TSR - Life | Type of Supervision: Supervised Release |
| Revocation Sentence:<br>(July 23, 2020) | Prison - 4 months<br>TSR - Life | |
| Asst. U.S. Attorney: | Stephanie A. Van Marter | Date Supervision Commenced: October 22, 2020 |
| Defense Attorney: | Molly Marie Winston | Date Supervision Expires: Life |

### PETITIONING THE COURT

To issue a summons.

The probation officer believes that the offender has violated the following conditions of supervision:

Violation Number        Nature of Noncompliance

1        **Special Condition #6**: You are prohibited from possessing or manufacturing any material, including videos, magazines, photographs, computer-generated depictions, or any other media that depict sexually explicit conduct involving children or adults, as defined at 18 U.S.C. § 2256(2). You must not enter any establishment involved in the sex industry, including but not limited to adult bookstores, massage parlors, and strip clubs. You must not utilize any sex-related adult telephone numbers. The supervising officer is authorized to monitor compliance in this area by obtaining relative records including but not limited to telephone, Internet, credit cards and bank statements.

**Supporting Evidence**: Beginning on or about December 25, 2020, it is alleged that Mr. Shawn Sather violated special condition number 6 by searching for and viewing homosexual pornography online over the period of a few days.

On October 26, 2020, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Sather, as outlined in the judgment and sentence. He signed the judgment acknowledging the requirements.

On December 27, 2020, this officer received an email from the offender, entitled "Thinking Errors." In the lengthy email, Mr. Sather stated he "downloaded the eBay app and got to

looking at crap (he) shouldn't have been looking at," but failed to note the specifics of the violation behavior.

On December 30, 2020, the undersigned officer received the offender's weekly accountability report from Covenant Eyes. The accountability report noted "background data," which included the following websites: videos.bestmalevideos.com and homoactive.com.

On December 30, 2020, this officer contacted the offender to discuss both his email and the weekly accountability report from Covenant Eyes. When this officer inquired about what exactly he had been searching for online, Mr. Sather initially attempted to skirt the issue by talking about sexual experiences he has had with men. He eventually admitted he had been viewing gay pornography.

The offender insisted he had found the images on eBay, but when confronted with the information in the weekly accountability report from Covenant Eyes, Mr. Sather admitted he accessed a link to a different website where he was able to view the pornographic images.

The offender insisted the pornographic images were only of adults, but this officer was unable to confirm that information. Because Mr. Sather intentionally circumvented the Covenant Eyes program, this officer was unable to review screen shots of the offender's Internet usage.

2   **Special Condition #1**: You must allow the probation officer to install computer monitoring software on any computer (as defined at 18 U.S.C. § 1030(e)(1)) you use.

**Supporting Evidence**: On or about December 25, 2020, it is alleged that Shawn Sather violated special condition number 1 by accessing the Internet without utilizing Covenant Eyes, thus circumventing the computer monitoring software that was installed to monitor his Internet usage.

On October 26, 2020, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Sather, as outlined in the judgment and sentence. He signed the judgment acknowledging the requirements.

On December 3, 2020, the undersigned officer first noticed "background data" on Mr. Sather's accountability report from Covenant Eyes dated December 2, 2020. This officer subsequently contacted the offender and he admitted he had been accessing the Internet through Safari. This officer instructed Mr. Sather to only access the Internet through the Covenant Eyes application so that the software could properly monitor his Internet usage.

According to Covenant Eyes, for clients with iPhones, if they do not access the Internet through the Covenant Eyes application, the Internet usage cannot be monitored in the same way and is thus reported as "background data."

On December 30, 2020, the undersigned officer received the offender's weekly accountability report from Covenant Eyes. The accountability report again noted "background data," which included the following websites: videos.bestmalevideos.com and homoactive.com.

Prob12C
Re: Sather, Shawn P.
January 21, 2021
Page 3

        On December 30, 2020, Mr. Sather admitted to accessing homosexual pornography.

3     **Special Condition #7**: You must live at an approved residence, and must not change your living situation without advance approval of the supervising officer.

     **Supporting Evidence**: On January 4, 2021, it is alleged that Shawn Sather violated special condition number 7 by changing his living situation without advance approval of the supervising officer.

     On October 26, 2020, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Sather, as outlined in the judgment and sentence. He signed the judgment acknowledging the requirements.

     On the morning of January 4, 2021, the offender sent this officer a text message stating he had gone to urgent care the day prior and had just been notified that he was positive for the COVID virus. Mr. Sather made no mention he would be temporarily residing elsewhere.

     On January 6, 2021, the undersigned officer contacted Mr. Sather to check-in with him. During the conversation, he stated they "both have it," which prompted this officer to inquire where the offender was located. Mr. Sather responded he was "quarantining at Jeanette's house." According to the offender, he had been staying at his girlfriend's apartment since January 4, 2021, despite not requesting, nor receiving, permission to do so.

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the offender to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   01/21/2021

s/Amber M.K. Andrade

Amber M.K. Andrade
U.S. Probation Officer

THE COURT ORDERS

[ ]   No Action
[ ]   The Issuance of a Warrant
[✓]   The Issuance of a Summons
[ ]   Other

_____
Signature of Judicial Officer

January 21, 2021
Date