PROB 12C
(6/16)

Report Date: January 24, 2025

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**Jan 27, 2025**

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Shawn P. Sather                     Case Number: 0980 2:11CR00003-LRS-1

Address of Offender: ███████████████        Spokane, Washington 99201

Name of Sentencing Judicial Officer: The Honorable Lonny R. Suko, Senior U.S. District Judge

Date of Original Sentence: June 6, 2012

Original Offense:      Distribution of Child Pornography, 18 U.S.C. § 2252(a)(2);
                       Possession of Child Pornography, 18 U.S.C. § 2252(a)(5)(B)

Original Sentence:     Prison - 120 months            Type of Supervision: Supervised Release
                       TSR - Life

Revocation Sentence:   Prison - 4 months
(July 23, 2020)        TSR - Life

Asst. U.S. Attorney:   Stephanie A. Van Marter        Date Supervision Commenced: October 22, 2020

Defense Attorney:      Molly Marie Winston            Date Supervision Expires: Life

## PETITIONING THE COURT

To issue a **warrant**.

On October 26, 2020, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Sather, as outlined in the judgment and sentence. He signed the judgment acknowledging the requirements.

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition #7**: You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full time employment you must try to find full time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.<br><br>**Supporting Evidence**: On or about March 1, 2024, Shawn Sather allegedly violated standard condition number 7 by failing to notify the assigned probation officer about a change in his employment at least 10 days before the change. |

Prob12C
Re: Sather, Shawn P.
January 24, 2025
Page 2

During an unscheduled home visit on October 16, 2024, Mr. Sather inquired about his ability to do handyman services through various phone applications (apps), that connect local homeowners with service providers. The undersigned explained to the offender that this officer could consider allowing him to do that kind of work as long as the probation office could verify that the contracting company was aware of his sex offender status, and he would not be going into any homes with minor children. Mr. Sather confirmed he understood and advised that he would mainly focus on work for veterans or the elderly. He was instructed to contact the undersigned once he had additional information, which he did not, giving this officer the impression he was no longer interested in that kind of work.

On January 15, 2025, the offender was again contacted at his residence for the purpose of conducting an unscheduled home visit. During that visit, while the undersigned inquired about his employment efforts, Mr. Sather stated he had been working for Angi's (formerly known as Angie's List). Because he had not reported being hired by Angi's, nor did he provide the U.S. Probation Office with the employment-related information, this officer was totally unaware that he had been doing handyman services in people's homes.

On January 23, 2024, this officer contacted Angi's to inquire about their policy regarding hiring registered sex offenders. After speaking with a supervisor in the customer support department, the undersigned was directed to terms of use for those providing services, like Mr. Sather, which they refer to as "pros." According to the terms of use for pros, in section 2(f), "you hereby represent that you, any predecessor entities of your company, any other majority shareholders, partners or members, and your company, are free from any felony criminal convictions."

On January 24, 2024, Mr. Sather ultimately admitted that he had been approved to work for Angi's in February 2024, likely because he failed to report that he was a convicted felon; he later did his first job through the platform in March 2024, while still residing in Pullman, Washington. It should be noted, the offender failed to notify the assigned probation officer at that time of his employment 10 days in advance, as required.

2     **Special Condition #11**: You must not be employed in any occupation, business, or profession, or participate in any volunteer activity which provides access to children under the age of 18, unless authorized by the supervising officer.

**Supporting Evidence**: On or about January 15, 2025, Shawn Sather allegedly violated special condition number 11 by doing handyman services in homes where he would have access to children under the age of 18, without requesting or receiving authorization from the supervising officer.

On January 15, 2025, after learning that the offender had been doing handyman services through the Angi's app, this officer asked if he had notified the company and subsequent homeowners that he was a registered sex offender. Mr. Sather claimed he had in fact notified all homeowners of his legal status prior to doing work in their homes, and there were no objections.

The undersigned then asked the offender to see his messages in the Angi's app where he tells the homeowners he was a registered sex offender, but he was unable to do so. Mr. Sather subsequently admitted he had not told any of the homeowners that he was a registered sex offender on federal supervision, and he failed to notify Angi's of his legal status.

Prob12C
Re: Sather, Shawn P.
January 24, 2025
Page 3

    3    **Special Condition #9**: You must not have direct contact with any child you know or reasonably should know to be under the age of 18, including your own children, without the permission of the probation officer. If you do have any direct contact with any child you know or reasonably should know to be under the age of 18, including your own children, without the permission of the probation officer, you must report this contact to the probation officer within 24 hours. Direct contact does not include incidental contact during ordinary daily activities in public places.

        **Supporting Evidence**: On or about January 15, 2025, Shawn Sather allegedly violated special condition number 10 by failing to report contact with a minor within 24 hours.

        On January 15, 2025, after initially claiming he had not done any handyman services in homes where children were present, Mr. Sather admitted that he had in fact done work in a number of homes with children present. The undersigned officer instructed the offender to provide this officer with the list of jobs he had done with children present.

        Later that same date, on January 15, 2025, the offender sent this officer a photo of a notebook containing the names and addresses of the homeowners for whom he had done work. The undersigned found it very interesting that Mr. Sather had a notation next to each entry indicating whether or not children were present, which suggests he was aware of his restrictions related to children.

        According to the information provided by the offender, he had done work in at least three different homes where children were present. It should be noted, he did not request or receive authorization to be in a home with children, nor did he report having contact with children within 24 hours of when they were present as required.

    4    **Standard Condition #3**: You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the Court or the probation officer.

        **Supporting Evidence**: On or about January 15, 2025, Shawn Sather allegedly violated standard condition number 3 by traveling to the District of Idaho without requesting or receiving authorization from the assigned probation officer.

        On January 15, 2025, Mr. Sather sent this officer a list of the houses where he had provided handyman services with children present. Two of the three addresses on that list were located in Post Falls, Idaho, despite the fact the offender had not request or received authorization to travel outside his assigned judicial district.

        The undersigned is concerned by the offender's travel outside of the district to perform handyman services in homes where children were present, as parents in that city who may have proactively searched the sex offender registry prior to hiring Mr. Sather would likely have searched the registry in Idaho, and thus had no idea of the offender's current legal status.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the offender to appear to answer to the allegations contained in this petition.

Prob12C
Re: Sather, Shawn P.
January 24, 2025
Page 4

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   01/24/2025

s/Amber M.K. Andrade

Amber M.K. Andrade
U.S. Probation Officer

THE COURT ORDERS

[ ]  No Action
[✓]  The Issuance of a Warrant
[ ]  The Issuance of a Summons
[ ]  The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ]  Defendant to appear before the Judge assigned to the case.
[✓]  Defendant to appear before the Magistrate Judge.
[ ]  Other

_____
Signature of Judicial Officer

January 27, 2025
Date